**PRE–FAB TRANSIT CO., Plaintiff,**

**v.**

**The UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

**and**

**Miami Transportation Company, Inc., of Indiana, et al., Intervening Defendants.**

**Civ. A. Nos. 2394, 4376.**

United States District Court
S. D. Illinois, S. D.

Sept. 3, 1969.

Judgment Affirmed Feb. 24, 1970.
See 90 S.Ct. 815.

---

Mack Stephenson, Springfield, Ill., Robert E. Joyner, Memphis, Tenn., Edward K. Wheeler, Washington, D. C., for plaintiff.

Richard E. Eagleton, U. S. Atty., Springfield, Ill., for the United States.

Nahum Litt, Atty., I.C.C., Washington, D. C., for I.C.C.

Edward G. Villalon, Washington, D. C., for Hennis Freight Lines, Inc.

Martin J. Leavitt, Detroit, Mich., for Miami Transportation Co., Inc. of Indiana.

Before CUMMINGS, Circuit Judge, and POOS and MORGAN, District Judges.

## MEMORANDUM DECISION AND ORDER

POOS, District Judge.

*Nature of the Proceedings*

Plaintiff Pre-Fab Transit Co., hereinafter referred to as Pre-Fab, brings Civil Action No. 4376 under Sections 1336, 1338, 2284 and 2321 through 2325 of Title 28, United States Code, to enjoin, annul and set aside the order of the Interstate Commerce Commission, hereinafter the I.C.C., served June 14, 1968 in Miami Transportation Co., Inc. of Indiana v. Pre-Fab Transit Co., Docket No. MC–C–5102, which was reported at 107 M.C.C. 383. The I.C.C., in construing Pre-Fab's certificate of authority No. MC–107295, found that Pre-Fab exceeded its authority in transporting certain ornamental iron columns in interstate commerce. Pre-Fab attacks the order, alleging (1) that the I.C.C.'s interpretation of Part B of its authority is clearly erroneous and (2) that the I.C.C. denied Pre-Fab a full and fair hearing as to Part A of its authority.

In Civil Action No. 2394, Pre-Fab has moved to enforce a 1958 judgment of this Court, which judgment Pre-Fab alleges is authority for what it did in *Miami* and for what it wants to continue to do.

*Facts*

The facts of the case are not unduly complex, nor does there appear to be any dispute as to any material fact. Briefly, the complaint, exhibits, verified statements and Report of the Commission show that in February, 1966, Miami Transportation Company, Inc. of Indiana, hereinafter called Miami, which is one of the intervening defendants herein, filed a complaint with the I.C.C. alleging that Pre-Fab transported 1234 cartons of Ornamental iron columns from Louisville, Kentucky, to Dunbar, West Virginia, all in excess of its certificated authority.

Pre-Fab's Certificate of Public Convenience and Necessity, No. MC–107295 reads as follows:

Part A, allowing the transportation of—

(A) *Prefabricated and precut buildings or houses,* complete, knocked down, or in sections, and *all component* parts necessary to the construction, erection, or completion of such buildings or houses, when shipped with same * * * and

Part B, allowing the transportation of—

(B) *Buildings,* complete, knocked down, or in sections, including all component parts, materials, supplies, and fixtures, and when shipped with such buildings, *accessories* used in the erection, construction, and completion thereof.

Pre-Fab's reply admitted the transportation of the iron columns but asserted that it was authorized by both Parts A and B of its certificate. Since only a matter of Commission analysis and interpretation of the Certificate remained, there being no factual dispute, an investigation was conducted pursuant to Modified Procedure, i. e., evidence was submitted without oral hearing by way of verified statements.

The I.C.C. examiner found a violation of Section 206(a) of the Interstate Commerce Act and recommended that a cease and desist order be issued. Pre-Fab excepted and the Commission, Division I, in its report and order of May 23, 1968, concurred in the examiner's findings and entered a cease and desist order.

Thereafter, on October 23, 1968, Pre-Fab filed in this Court its "Motion to Enforce Judgment", which alleged that the I.C.C.'s order in *Miami* was in contravention of this Court's judgment of July 31, 1958, in Pre-Fab Transit Co., v. United States and Interstate Commerce Commission, Civil Action No. 2394. This Court then entered a temporary restraining order enjoining the effectiveness of the I.C.C. order in *Miami* until a final determination could be reached by a three-judge court as to the merits of the Commission's construction

of Pre-Fab's certificate. After all parties had submitted written briefs, oral argument was held before this Court on June 23, 1969.

### Limited Scope of Judicial Review

█ It is well settled in the law that, as a general rule, the scope of judicial review of administrative action with regard to questions of fact is whether on the record as a whole the agency could reasonably make the finding that it did, i. e., the "substantial evidence test;" and, with regard to questions of law, whether the judgment of the expert body has warrant in the record and a rational basis in the law. See, generally, Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301 (1941); and the Administrative Procedure Act, Section 10, 5, U.S.C. Sec. 1001 et ff.

█ Courts recognize the comparative qualifications of court and agency to decide a particular issue, and agencies and their staffs are often deemed experts within their own specialized fields. Although talk of agency expertise often suffers from overkill, that fundamental proposition has merit in it. Congress has delegated power and authority to the various agencies intending them to do their respective jobs and reach practical results in terms of providing governmental services. Agency expertness in the field most often follows. Thus, this court is inclined to give great weight to the Commission's latest considered interpretation of Pre-Fab's certificate, even though it apparently, to some degree, represents a change of mind by the experts.[1] I.C.C. may change its mind on certificate interpretation if the final determination is sound. See Nelson, Inc. v. United States, 355 U.S. 554, 561, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958), and

Sims Motor Transport Lines, Inc. v. United States, 183 F.Supp. 113, 119, (D.C.1959), affirmed 362 U.S. 637, 80 S.Ct. 1076, 4 L.Ed.2d 1019 (1960).

### The 1958 Court Decision

Pre-Fab relies upon the judgment entered on July 31, 1958 by this Court in Pre-Fab Transit Co. v. United States and Interstate Commerce Commission as authority under Part B for its transporting building materials generally, such as ornamental iron columns.

█ Our reading and analysis of that proceeding leads us to conclude that Pre-Fab has incorrectly interpreted that decision. All that was decided there was that Pre-Fab could transport in independent shipments building materials which were intended to be used as a part of some determinable building in the future. The Court there reversed the I.C.C.'s ruling in Whitehouse Trucking, Inc. v. Pre-Fab Transit Co., 71 M.C.C. 155 (1957) that Pre-Fab could haul window frames to the plant of a prefabricated building manufacturer only when Pre-Fab was simultaneously hauling buildings. This Court now reaffirms the soundness of that 1958 decision in allowing building materials, including component parts, of future transportable buildings to move independently of, and not as part of the same shipment of, the entire buildings. This is not the same, however, as holding that Pre-Fab has authority to ship "building materials" in general, such authority being a much wider grant than the 1946 history and subsequent events show was applied for by Pre-Fab or granted by the Commission.

Therefore, we conclude that Pre-Fab's reliance on the 1958 judgment as authority for the act complained of in *Miami* is misplaced. It often happens that the parties most directly concerned

---

1. Pre-Fab points out that in numerous prior Commission proceedings since 1958 and in a consent order filed in this court in 1967, I.C.C. yielded to interpretations of Part B of Pre-Fab's lead certificate which was broader than adopted in the present case; and Pre-Fab argues that I.C.C. should be held to its broadest prior interpretation. It is noted that Pre-Fab had the benefit of any such earlier breadth of interpretation while it existed.

with a court opinion do not always carefully read that court opinion.

*Part B of the Certificate*

It is agreed among the parties that under Part A of its authority, Pre-Fab cannot transport an independent shipment of any component, let alone ornamental iron columns destined for a general distribution warehouse. Rather, shipments under Part A must be comprised of "prefabricated or precut buildings or houses," which includes component parts for same. Thus, a question remaining for resolution is whether the Commission's interpretation of the Part B authority in this factual situation is supported by a rational basis.

■ We find it is so supported. Part B of the certificate is limited by the "intended use" restriction, which is a commodity description technique long used by the Commission as a practical necessity whenever the use of specific names or generic terms as means of identifying authorized transportable commodities in a certificate would prove impractical. See, e. g., Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958).

The Commission points out in its report at p. 388 that:

In determining whether particular shipments are intended for use in the required manner, the carrier may presume they will be so used if the commodities involved are of a type predominately used in that manner, and it may transport them without further investigation, provided it has no knowledge of a contrary intention. On the other hand, if the commodities have general utility in other fields, they may be transported only if it is definitely established by the carrier in the particular case that they are intended for the required use. See 107 M.C.C. 383 at p. 388.

Just as we find that under Part A of its certificate, Pre-Fab's authority is characterized by the term "prefabricated and precut buildings or houses", so

do we conclude, as did the Commission in its report (107 M.C.C. 383 at pp. 389–390) that under Part B, Pre-Fab's authority to transport commodities is clearly limited, restricted and characterized by the phrase "buildings, complete, knocked-down, or in sections," and it cannot reasonably be construed as "building(-) * * * materials" generally. See, also, Oyler Motor Transit Co., Inc., -Ext. -Building Materials, 94 M.C.C. 638, wherein the Commission previously found that under its certificate No. MC–107295 Pre-Fab was not authorized to transport "building materials" generally.

■ The materials Pre-Fab transports must be related to either transportable "buildings" or "prefabricated and precut buildings or houses," or so destined. We are convinced the Commission's finding that the ornamental iron columns in question constituted "standarized (sic) building material" in general was, under all the circumstances, the only reasonable conclusion to be reached when measured by the whole context of Pre-Fab's certificate. Pre-Fab's acts, complained of in *Miami*, amount to a plain and simple unilateral enlargement of its certificated authority, in violation of Section 206(a) of the Interstate Commerce Act, 49 U.S.C. Section 306(a) and in derogation of the economic rights of the intervening defendants, all of which are authorized by the Commission to transport in interstate commerce "building materials" generally within a specific geographical area.

*The Denial of Hearing Claim*

■ Regarding Pre-Fab's claim of the denial of a fair hearing by the Commission in Pre-Fab Transit Co.—Investigation and Revocation of Certificates, Docket No. MC–C–5106, the Court is fully aware of its duty to stand watchdog for any procedural due process deficiencies on the part of an administrative agency which adversely affects any party.

■ With this in mind, the court has considered the arguments advanced by Pre-Fab together with the sequence of

events as disclosed by the cold record herein, and we conclude that the allegations are without substantial merit, further treatment of which would do little to enlighten this opinion and, in any event, is unnecessary to the proper disposition of the case now before the Court.

In conclusion, therefore, the Court Finds that the Interstate Commerce Commission on this record properly and reasonably decided the issues presented, and we hereby affirm the Commission's decision. Accordingly, Plaintiff Pre-Fab's complaint in Civil Action No. 4376 is Dismissed, its motion to enforce judgment in Civil Action No. 2394 is Denied, and the order restraining the effectiveness of the Commission's report and order is hereby set aside and vacated.

It is so ordered.